# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Gabriel Vasquez-Perez,** <br> *Petitioner* <br><br> **v.** <br><br> **Pamela Bondi** *in her official capacity as* **U.S. Attorney General, et al.,** <br> *Respondents* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **Case No. 1:26-cv-00697-ADA-SH** |

## ORDER

Before the Court is Petitioner Gabriel Vasquez-Perez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed March 23, 2026 (Dkt. 2). Petitioner invokes § 2243 and asks the Court to order Respondents Pamela Bondi, Kristi Noem, Todd Lyons, Miguel Vergara, and Charlotte Collins to show cause as to why his Petition should not be granted. *Id.* at 13.

Section 2243 instructs:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not to exceed twenty days, is allowed." 28 U.S.C. § 2243.

Petitioner alleges that he is entitled to a writ because (1) he is being wrongfully detained without bond under the interpretation of the Immigration and Nationality Act's mandatory and discretionary detention provisions that was adopted by the Board of Immigration Appeals ("BIA")

1

in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)[1] and (2) his detention without legal justification and without a chance to seek redetermination of his custody status violates his rights to substantive and procedural due process guaranteed by the Fifth Amendment. Dkt. 2 ¶¶ 38-63.

Petitioner asks the Court to declare that his detention was an unlawful exercise of authority; order Respondents to show cause within three days as to why his Petition should not be granted; and grant the writ of habeas corpus ordering Respondents to release Petitioner or provide him an individualized bond hearing. *Id.* at 13. Petitioner also asks the Court to enjoin Respondents from transferring him outside the Western District of Texas while this case is pending. *Id.*

In accordance with § 2243, the Court **ORDERS** Respondents to show cause in writing **on or before Tuesday, March 31, 2026**, why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus (Dkt. 2).[2]

This Magistrate Judge **ORDERS** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own

---

[1] This Court previously interpreted 8 U.S.C. § 1225(b)(2) not to apply to noncitizens like Petitioner who have been residing in the country for years, unlike noncitizens who have recently arrived in the United States and are actively seeking admission. *See, e.g.*, *Leiva-Claros v. Collins*, No. 1:26-CV-00091-ADA-SH, Dkt. 7 (W.D. Tex. Jan. 29, 2026), *R. & R. adopted* (W.D. Tex. Jan. 30, 2026). This interpretation has been rejected by the Fifth Circuit. *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

[2] District courts may amend the timeline laid out in § 2243 when necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). "[I]t is well-settled that the strict time limit prescribed by § 2243 is 'subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases,' which are applicable to petitions filed under § 2241." *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *1 (W.D. La. June 28, 2019). As discussed, because this case centers on a statutory interpretation, and recognizing the serious consequences of continued allegedly wrongful detention, the Court finds that the timeline suggested in § 2243 is both equitably and prudentially appropriate.

2

authority to grant injunctive relief."). This is not to be construed as a temporary restraining order but as an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2-3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

**IT IS ORDERED** that the Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the Petition for Writ of Habeas Corpus (Dkt. 2) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process on the Federal Government Respondents.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition for Writ of Habeas Corpus (Dkt. 2) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**SIGNED** on March 26, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE